UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD HURST, JAMES HOLLAND, MARY LITTRELL, TIMOTHY KRUCINA, MARK REID, DAVID FERRIS, RORY HILL, AMY EARLY, TONY RUGGLES, and JERRY SOSBE, <br> Plaintiffs, <br><br> v. <br><br> THE TOWN OF MERRILLVILLE, INDIANA, *et. al.*, <br> Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CAUSE NO.: 2:09-CV-60-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion to Dismiss Under T.R. (sic) 12(b)(6) [DE 5], filed by Defendants on March 30, 2009. On April 15, 2009, Plaintiffs filed a response brief in opposition. No reply brief has been filed. For the forgoing reasons, the Motion to Dismiss is granted in part and denied in part.

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 13, 2009, the named Plaintiffs filed a Complaint against Defendants, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), on behalf of themselves and a class of others similarly situated (collectively, "Plaintiffs"), seeking unpaid overtime pay. Plaintiffs are former EMT employees of the Town of Merrillville, Indiana. In particular, the Complaint names the Town of Merrillville, Indiana, and seven members of the Town Council ("the Town Council Members"), in their official capacity, as Defendants in this matter.

Plaintiffs' Complaint alleges that Defendants wilfully violated the FLSA's overtime and retaliation provisions, 29 U.S.C. § 201, *et. seq.*, as well as the Indiana Minimum Wage Act, Ind. Code § 22-2-2-1, *et. seq.*, by failing to pay the Plaintiffs for overtime and retaliating against them for complaining about their overtime compensation. In the Complaint, the named Plaintiffs seek relief on behalf of themselves and the class members.

On March 30, 2009, Defendants filed their Motion to Dismiss Under T.R. (sic) 12(b)(6), requesting that the Court dismiss the Plaintiffs' Complaint as to the Town Council Members and dismiss the Complaint against the Town of Merrillville, Indiana. Plaintiffs filed a response brief on April 15, 2009, along with named Plaintiff Jerry Sosbe's Consent to Become a Party Plaintiff, and indicated that the remaining consent forms would be filed within thirty days. On April 16, 2009, Plaintiffs filed Tony Ruggles' Consent to Become Party Plaintiff. No reply brief has been filed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In support of the instant Motion to Dismiss, Defendants argue that the Town Council Members should be dismissed because the suit against them is brought in their official capacity and the Town of Merrillville should be dismissed as a Defendant because Plaintiffs have failed to comply with the FLSA's opt-in notice requirement.

The federal procedural rules employ a notice-based pleading system rather than a fact-based pleading system. Fed. R. Civ. P. 8; *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993); *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). Rather than requiring the plaintiff to plead all of the facts underlying the alleged claim, the general rule simply requires "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party's complaint should provide the opposing party with "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Leatherman,* 507 U.S. at 168 (quoting *Conley*, 355 U.S. at 47).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to rule on its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 12(b)(6) allows a defendant to raise as a defense the failure of the plaintiff to "state a claim upon which relief can be granted." Rule 12(b)(6); *Cook*, 141 F.3d at 327. When deciding a motion to dismiss, the Court considers all allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). If the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief can be granted, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim. *Flannery*, 354 F.3d at 632 (citing *Martinez v. Hooper*, 148 F.3d 856, 858 (7th Cir.1998)). The Court will address each of Defendants' arguments in turn.

### A. Suit Against Town Council Members

Defendants argue that because the Town Council Members are being sued in their official capacity, and such a suit is equivalent to suing the Town of Merrillville, which is already a Defendant in this matter, the suit against the Town Council Members is redundant and must be

dismissed. "[S]uits against municipal agents in their official capacities are actually suits against the municipality." *Moore v. Bd. of Educ. of City of Chicago*, 300 F. Supp. 2d 641, 646 (N.D. Ill. 2004). "Thus, where the local government unit is also a defendant in the suit, the claim against the individual in her official capacity is redundant." *Searles v. Bd. of Educ. of the City of Chicago/Chicago School Reform Bd. of Trs.*, No. 03 C 8966, 2004 WL 1474583, at *4 (N.D. Ill. June 29, 2004). Here, the Complaint provides that the Town Council Members "are sued in their official capacity as the former employers of the plaintiffs EMT's and members of the class." Pls.'s Compl. ¶ 9. Further, in their response brief, Plaintiffs concede that the instant suit is initiated only against the Town of Merrillville. Accordingly, the Court hereby grants the Motion to Dismiss to the extent that Defendants request to dismiss the Town Council Members.

### B. Suit Against the Town of Merrillville

Next, Defendants argue that the Complaint must be dismissed against the Town of Merrillville because Plaintiffs have failed to file written opt-in consents in this matter. "In a collective . . . action under the FLSA, a named plaintiff sues 'in behalf of himself . . . and other employees similarly situated.'" *Harkins v. Riverboat Svcs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (quoting 29 U.S.C. § 216(b)). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Under 29 U.S.C. §255, the statute of limitations for FLSA violations is two years, unless the violation is willful, in which case the limitations period is three years. *Howard v. City of Springfield, Illinois*, 274 F.3d 1141, 1144 (7th Cir. 2001). "In the case of a collective action under the FLSA, the action is commenced when a party files his or her written

4

consent to become a part of the action." *Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998).

As a preliminary matter, Plaintiff argues that the Court has yet to determine if the instant action is a collective action or an action of joined individuals, and, if the latter, then no consent is required. Upon review of the record, the Court determines that the instant action is a collective action to which the FLSA's consent filing requirement applies. Plaintiffs' Complaint indicates that the instant action is a collective action as Plaintiffs have explicitly provided that this action is brought on behalf of the named Plaintiffs "and a class of others similarly situated." Pls.' Compl. ¶ 1. Most importantly, the named Plaintiffs seek recovery not only for themselves, but also for the class members.[1] *See id.* at 10, ¶¶ 1-7; 12, ¶¶ 4-6. Accordingly, Plaintiffs seek collective relief and this is a collective action. *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 (D. Nev. 1999).

Given that this matter is a collective action, none of the Plaintiffs' claims are deemed to commence until each files a written consent to join the instant action. *Redman*, 153 F.3d at 695. The FLSA does not specify a particular time period in which a notice of consent must be filed. *See Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d 10, 16 (D. Puerto Rico 2005) (providing that "it must be noted that there is nothing in the FLSA or the Portal-to-Portal Act or its case law that alludes to specific requirements concerning the timing or the content of a notice of consent under Section 16(b) [of the FLSA] . . . "). Here, Plaintiffs' Complaint fails to allege when

---

[1] Plaintiffs seek relief on their FLSA overtime and retaliation claims for the named Plaintiffs and the class members, including back pay. However, under the Plaintiffs' Indiana Minimum Wage Act claim, Plaintiffs request back pay only as to the named Plaintiffs. *See* Pls.' Compl. at 12, ¶ 6. Given that the other remedies sought in the Complaint are sought on behalf of the named Plaintiffs and the class members, including back pay under the FLSA, the Court assumes that the omission of the class members in the request for back pay under the Indiana Minimum Wage Act claim is a scrivener's omission.

5

Plaintiffs' claims arose, making it difficult to determine when the statute of limitations expires. Plaintiffs allege that Defendants wilfully violated the FLSA, which would invoke the three year statute of limitations. *Howard*, 274 F.3d at 1144. Nonetheless, because Defendants do not argue that the statute of limitations has expired, the Court will assume that the instant claims were brought within the statute of limitations.

The record reflects that consent forms have only been filed for named Plaintiff Tony Ruggles and named Plaintiff Jerry Sosbe. In their April 15, 2009 response brief, Plaintiffs represented that the remaining consents would be filed within thirty days. However, to date, no such consents have been filed. The Seventh Circuit has provided that "if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent." *Harkins*, 385 F.3d at 1101. Where a party fails to file a notice of consent to join the suit with the Court, dismissal without prejudice is the proper course of action. *See Bonilla*, 61 F. Supp. 2d at 1140 (dismissing without prejudice a named plaintiff to the FLSA suit, where that named plaintiff did not file a notice of consent to opt-in); *Irwin v. State of Wis.*, No. 91-C-0711-C, 1992 WL 494867 (W.D. Wis. June 19, 1992), *aff'd and adopted*, 998 F.2d 1016 (Table) (7th Cir. 1993) (dismissing plaintiffs who failed to opt-in).

Here, because named Plaintiffs Ruggles and Sosbe filed their notices of consent, presumably during the statute of limitations, their claims under the FLSA and Indiana Minimum Wage Act may

6

continue against the Town of Merrillville, Indiana. However, because none of the other named Plaintiffs filed their notices of consent, they are dismissed without prejudice.[2]

Accordingly, the Court hereby grants the Motion to Dismiss, as to the named Plaintiffs who have failed to file their notices of consent, to the extent that it requests to dismiss the instant action against the Town of Merrillville, Indiana.

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **GRANTS in part** and **DENIES in part** the Defendants' Motion to Dismiss Under T.R. (sic) 12(b)(6) [DE 5]. The Court **ORDERS** that Plaintiffs' Complaint be **DISMISSED** as to Defendants Ron Widing, Richard Hardaway, Lance Huish, Andy Sylwestrowicz, Tom Goralczyk, Joseph Shudick, Jr., and Shawn Pettit. The Court further **ORDERS** that named Plaintiffs Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, Mark Reid, David Ferris, Rory Hill, and Amy Early be **DISMISSED without prejudice** as party plaintiffs. Tony Ruggles and Jerry Sosbe are the sole Plaintiffs remaining in this matter and their FLSA and Indiana Minimum Wage Act claims remain pending before this Court against Defendant Town of Merrillville, Indiana.

SO ORDERED this 5th day of June, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[2] The remaining named Plaintiffs' failure to file notices of consent to join the instant suit requires dismissal of their FLSA claims, as well as the Indiana Minimum Wage Act claims, as the Indiana Minimum Wage Act's language tracks that of the FLSA, including that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." Ind. Code § 22-2-2-9.