UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD HURST, JAMES HOLLAND, ) <br> MARY LITTRELL, TIMOTHY KRUCINA, ) <br> MARK REID, DAVID FERRIS, RORY HILL, ) <br> AMY EARLY, TONY RUGGLES, and ) <br> JERRY SOSBE, ) <br>      Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE TOWN OF MERRILLVILLE, INDIANA, ) <br> *et. al.*, ) <br>      Defendants, ) | CAUSE NO.: 2:09-CV-60-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion to Reconsider Court's Order of June 5, 2009 [DE 14], filed by Plaintiffs on June 8, 2009.

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 13, 2009, the named Plaintiffs filed a Complaint against the Town of Merrillville, Indiana, and seven members of the Town Council ("the Town Council Members"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), on behalf of themselves and a class of others similarly situated (collectively, "Plaintiffs"), seeking unpaid overtime pay. Plaintiffs are former EMT employees of the Town of Merrillville, Indiana. In particular, the Complaint names the Town of Merrillville, Indiana, and the Town Council Members, in their official capacity, as Defendants in this matter.

Plaintiffs' Complaint alleges that Defendants wilfully violated the FLSA's overtime and retaliation provisions, 29 U.S.C. § 201, *et. seq.*, as well as the Indiana Minimum Wage Act, Ind.

Code § 22-2-2-1, *et. seq.*, by failing to pay the Plaintiffs for overtime and retaliating against them for complaining about their overtime compensation. In the Complaint, the named Plaintiffs seek relief on behalf of themselves and the class members.

On March 30, 2009, Defendants filed their Motion to Dismiss Under T.R. (sic) 12(b)(6), requesting that the Court dismiss the Plaintiffs' Complaint as to the Town Council Members and dismiss the Complaint against the Town of Merrillville, Indiana. On June 5, 2009, the Court granted the Motion to Dismiss and dismissed the Town Council Members as Defendants and ordered that the named Plaintiffs Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, Mark Reid, David Ferris, Rory Hill, and Amy Early be dismissed without prejudice as party plaintiffs for failure to file their opt-in consent forms as required by the FLSA. The sole Plaintiffs remaining in this matter are Tony Ruggles and Jerry Sosbe. The Town of Merrillville, Indiana, remains as the sole Defendant.

On June 8, 2009, Plaintiffs filed their Motion to Reconsider Court's Order of June 5, 2009. Defendants have not filed a response brief and the time to do so has passed.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**ANALYSIS**

Plaintiffs request that the Court reconsider its June 5, 2009 Opinion and Order granting Defendants' Motion to Dismiss based solely on the ground that the dismissed party Plaintiffs filed their consent forms on April 15, 2009, in compliance with the FLSA's opt-in notice requirement.

As a preliminary matter, the Federal Rules of Civil Procedure do not specifically authorize motions to reconsider. However, such motions are routinely filed and are construed either as Federal Rule of Civil Procedure 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order. *Neuman v. United States*, No. 07-CV-0362-MJR, 2008 WL 189559, at *1 (S.D. Ill. Jan. 18, 2008). Here, Plaintiffs have failed to specify under which Rule the instant Motion has been filed. Nonetheless, if a motion to reconsider is served within ten days of the entry of the challenged judgment or order, then the motion falls under Rule 59(e), otherwise, if filed more than ten days after the entry of the challenged judgment or order, Rule 60(b) applies. *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995). The instant Motion was filed within ten days of the Court's June 5, 2009 Opinion and Order. Therefore, Rule 59(e) applies.

Under Rule 59(e), four grounds justify reconsideration: "(1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) prevention of manifest injustice." *Neuman*, 2008 WL 189559 at *1. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.*

As this Court discussed in its June 5, 2009 Opinion and Order, this matter is a collective action under the FLSA and "[i]n a collective . . . action under the FLSA, a named plaintiff sues 'in behalf of himself . . . and other employees similarly situated.'" *Harkins v. Riverboat Svcs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (quoting 29 U.S.C. § 216(b)). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such

3

consent *is filed in the court in which such action is brought*." *Id* (emphasis added). At the time that the Court issued the Opinion and Order, the only opt-in consents that were filed with the Court were for named Plaintiffs Tony Ruggles and Jerry Sosbe. In Plaintiffs' response brief to Defendants' Motion to Dismiss, they represented that the remaining consent forms would be filed within thirty (30) days, but this Court noted that Plaintiffs failed to do so. Plaintiffs now argue that the consent forms for the dismissed Plaintiffs were filed on April 15, 2009, and cite docket entry # 11 in support.

While the minute entry for docket entry #11 is entitled "Consents filed by David Ferris, Rory Hill, Amy Early, Jerry Sosbe, Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, [and] Mark Reid," the only consent form that was actually filed in that docket entry is the consent form for Jerry Sosbe. *See* [DE 11]. As this Court's June 5, 2009 Opinion and Order noted, the Seventh Circuit has provided that "if you haven't given your written consent to join the suit, *or if you have but it hasn't been filed with the court*, *you're not a party*. It makes no difference that you are named in the complaint, for you might have been named without your consent." *Harkins v. Riverboat Svcs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (emphasis added). Where a party fails to file a notice of consent to join the suit with the Court, dismissal without prejudice is the proper course of action. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999) (dismissing without prejudice a named plaintiff to the FLSA suit, where that named plaintiff did not file a notice of consent to opt-in); *Irwin v. State of Wis.*, No. 91-C-0711-C, 1992 WL 494867 (W.D. Wis. June 19, 1992), *aff'd and adopted*, 998 F.2d 1016 (Table) (7th Cir. 1993) (dismissing plaintiffs who failed to opt-in). Plaintiffs have failed to provide any explanation as to why the consent forms for the other dismissed Plaintiffs were not filed. Further, Plaintiffs have failed to show a manifest error of law or fact by the Court and have not presented any newly discovered evidence. Accordingly, the Court

4

finds that no "manifest error of law or fact" was committed in granting Defendants' Motion to Dismiss Under T.R. (sic) 12(b)(6) and Plaintiffs are not entitled to relief under Rule 59(e).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiffs' Motion to Reconsider Court's Order of June 5, 2009 [DE 14].

SO ORDERED this 30th day of June, 2009.

        s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record