IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD HURST, JAMES HOLLAND, )
MARY LITTRELL, TIMOTHY KRUCINA, )
MARK REID, DAVID FERRIS, RORY HILL, )
AMY EARLY, TONY RUGGLES and JERRY )
SOSBE, )
                                              )
     Plaintiffs, )
                                              )
v.                                            )    Case No. 2:09cv060
                                              )
THE TOWN OF MERRILLVILLE, INDIANA, )
                                              )
     Defendant. )
                                              )

### **PLAINTIFFS' POST-VERDICT MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiffs, Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, Mark Reid, David Ferris, Rory Hill, Amy Early, Tony Ruggles and Jerry Sosbe, now moves the Court for a post-verdict determination of attorney's fees and costs. In support, Plaintiffs, Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, Mark Reid, David Ferris, Rory Hill, Amy Early, Tony Ruggles and Jerry Sosbe state:

    1.    On March 18, 2011, Plaintiffs, Richard Hurst, James Holland, Mary Littrell, Timothy Krucina, Mark Reid, David Ferris, Rory Hill, Amy Early, Tony Ruggles and Jerry Sosbe, received a favorable jury verdict on their unpaid wages claims under the Fair Labor Standards Act of 1938.

    2.    The jury awarded the following verdicts:

        Plaintiff Richard Hurst          $6,922.69

        Plaintiff James Holland          $6,556.50

| | |
|---|---|
| Plaintiff Mary Littrell | $4,748.81 |
| Plaintiff Mark Reid | $4,128.81 |
| Plaintiff Timothy Krucina | $2,038.25 |
| Plaintiff Rory Hill | $5,357.19 |
| Plaintiff David Ferris | $5,229.31 |
| Plaintiff Amy Early | $3,797.50 |
| Plaintiff Jerry Sosbe | $3,609.56 |
| Plaintiff Tony Ruggles | $6,335.63 |
| TOTAL: | $48,724.25 |

The Jury awarded every dollar requested by the Plaintiffs. The jury also returned a special verdict finding "that the Defendant Town of Merrillville did not act in good faith and did not have reasonable grounds to believe that its acts or omissions were in not in violation of the FLSA" as to all ten (10) plaintiffs. This Court then awarded liquidated damages to all ten plaintiffs in an equal amount. The jury further found and determined that Defendant's violations of the FLSA were willful.

3. On March 21, 2011 this Court entered a civil monetary judgment in favor of all ten plaintiffs in the following amounts:

| | |
|---|---|
| Plaintiff Richard Hurst | $13,845.38 |
| Plaintiff James Holland | $13,113.00 |
| Plaintiff Mary Littrell | $9,497.62 |
| Plaintiff Mark Reid | $8,257.62 |
| Plaintiff Timothy Krucina | $4,076.50 |

| | |
|---|---|
| Plaintiff Rory Hill | $10,714.38 |
| Plaintiff David Ferris | $10,458.62 |
| Plaintiff Amy Early | $7,595.00 |
| Plaintiff Jerry Sosbe | $7,219.12 |
| Plaintiff Tony Ruggles | $12,671.26 |
| TOTAL: | $97,448.50 |

## I.     Pertinent Law

It is well settled that a victim of unlawful employment discrimination should be afforded complete relief and that the District Court has authority to order all appropriate legal and equitable relief under the circumstances to make the Plaintiffs whole and to prevent future occurrences of similar acts by the Defendant. This includes granting full back pay, imposing liquidated damages for a willful violations of the FLSA, awarding attorney's fees and costs and granting other appropriate relief to assure that the workplace is purged of unlawful unpaid wages. (See *29 U.S.C. § 216 (b)* ...Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages...The court in such action shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action)

## II.   Attorney's fees and costs

29 U.S.C. § 216 entitles Plaintiffs to an award of attorney's fees and costs. In support of their claim for those fees and costs, Plaintiffs attach hereto as Exhibit 1 an affidavit of their attorney, Lloyd P. Mullen, and asks the Court to award fees, expenses and costs in accordance with that affidavit. In addition, the plaintiffs submit the attorney affidavits of Paul Poracky, Anna Hearn and James Daugherty in support of the fee petition and Lloyd Mullen's hourly rate of $250 per hour. (See attached Exhibits 2,3 and 4).

To calculate reasonable attorneys' fees, the district court should first determine the lodestar amount by multiplying the reasonable number of hours worked by the market rate. Eddleman v. Switchcraft, Inc., 927 F.2d 316, 318 (7th Cir.1991); Henry v. Webermeier, 738 F.2d 188, 193 (7th Cir.1984). A reasonable hourly rate should reflect the attorney's market rate, defined as "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." Uphoff v. Elegant Bath, Ltd. 176 F.3d 399 at 407 (7th Cir. 1999). (citations and internal quotation marks omitted). The attorney is entitled to his market rate and not some "medieval just price" determined by the court. See In re Continental Illinois Securities Litigation, 962 F.2d 566, 568 (7th Cir. 1992). Here, the plaintiffs' have submitted three affidavits establishing the market rate for Attorney Mullen at $250.00 per hour. (See Ex 2-4).

The fee applicant bears the burden of proving the market rate. Uphoff, 176 F.3d at 407. The attorney's actual billing rate for comparable work is considered to be the presumptive market rate. If, however, the court cannot determine the attorney's true billing rate--such as when the attorney maintains a contingent fee or public interest practice--the applicant can meet his or her burden by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases. Id. Once the fee applicant has met his or her burden, the burden shifts to the defendants to demonstrate why a lower rate should be awarded. Id.

## COSTS

In addition, to moving for costs pursuant to 26 USC § 216 the Plaintiffs are entitled to costs pursuant to Fed.R.Civ.P. 54(d)(1). Costs, other than attorney's fees, shall be allowed "as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). The costs, which may be awarded are set forth in 28 U.S.C. §1920, and include:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees....;

(6) Compensation of court appointed experts . . . .

Total costs, as identified in 28 U.S.C. §1920, and incurred in this matter, are set forth on the Bill of Costs, attached hereto, incorporated herein, and designated Exhibit "5". The costs total is $1,387.57. Individual detail as to the costs summarized on the Court's Bill of Costs form is detailed in an attachment to the Bill of Costs. The costs are also included as part of the fee bill. The Plaintiffs are only seeking to recover their costs and expenses once under 26 USC § 216 or Trial Rule 54. They shall not be doubled.

### III. CONCLUSION

Plaintiff seeks an award of attorney's fees of $83,914.25 and costs of $1,387.57 as set forth in the affidavit of their attorney, Lloyd P. Mullen.

Respectfully submitted,

s/LLOYD P. MULLEN
LLOYD P. MULLEN, #14915-19
MULLEN & ASSOCIATES, P.C.
113 W. Joliet Street
Crown Point, Indiana 46307
Phone: (219) 661-1529; Fax (219) 661-1528
E-Mail: AttorneyMullen@gmail.com
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that on April 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification such filing to the following persons named below:

Stephen Bower
COHEN & THIROS
200 E. 90th Drive
Merrillville, Indiana 46410
Ph: (219) 769-1600
bower@thiros.com

Michael J Rappa
Johnson & Rappa LLC
250 E 90th Drive
Merrillville, IN 46410
219-769-0087
219-769-0092 (fax)
mjr@JohnsonRappa.com

s/LLOYD P. MULLEN
LLOYD P. MULLEN, #14915-19
MULLEN & ASSOCIATES, P.C.
113 W. Joliet Street
Crown Point, Indiana  46307
Phone: (219) 661-1529; Fax (219) 661-1528
E-Mail: AttorneyMullen@gmail.com
Attorneys for Plaintiffs