# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD HURST, JAMES HOLLAND, ) <br> MARY LITTRELL, TIMOTHY KRUCINA, ) <br> MARK REID, DAVID FERRIS, RORY HILL, ) <br> AMY EARLY, TONY RUGGLES, and ) <br> JERRY SOSBE, ) <br>        Plaintiffs, ) <br> ) <br>        v. ) <br> ) <br> THE TOWN OF MERRILLVILLE, INDIANA, ) <br>        Defendant. ) | CAUSE NO.: 2:09-CV-60-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Post-Verdict Motion for Attorney's Fees and Costs [DE 61], filed by Plaintiffs on April 13, 2011. For the following reasons, the Motion is granted, but for relief different than that requested.

## FACTUAL BACKGROUND

Plaintiffs, former EMT employees of the Town of Merrillville, Indiana, filed their Complaint on March 13, 2009, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), on behalf of themselves and a class of others similarly situated, seeking unpaid overtime pay. Plaintiffs alleged that Defendant and Town Council Members wilfully violated the FLSA's overtime and retaliation provisions, 29 U.S.C. § 201, *et. seq.*, as well as the Indiana Minimum Wage Act, Ind. Code § 22-2-2-1, *et. seq.*, by failing to pay the Plaintiffs for overtime and retaliating against them for complaining about their overtime compensation.

On June 5, 2009, the Court granted in part Defendants' Motion to Dismiss, dismissing the Town Council Member Defendants and all Plaintiffs who had not filed notices of consent. On July 27, 2009, Plaintiffs' Motion to Amend Complaint was granted, and on July 20, 2009, Plaintiffs filed

an Amended Complaint including ten Plaintiffs, all of whom had filed consents to join the case. Upon agreement of the parties at the preliminary pretrial conference, Plaintiffs filed a Second Amended Complaint that corrected scrivener's errors in the Amended Complaint. After the Final Pretrial Conference and on the Order of this Court, Plaintiffs filed a Third Amended Complaint on February 22, 2011, omitting the class action allegations, collective action allegations, and state law claims. A jury trial began on March 14, 2011, on the allegation that Defendant Town of Merrillville wilfully violated the FLSA's overtime and retaliation provisions, 29 U.S.C. § 201, *et. seq.*, by failing to pay the Plaintiffs, as individuals, for overtime. On March 18, 2011, a jury verdict was returned in favor of Plaintiffs.

On April 13, 2011, Plaintiffs filed the instant Plaintiffs' Post-Verdict Motion for Attorney's Fees and Costs, requesting fees pursuant to the FLSA, 29 U.S.C. § 216, and costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1). On May 3, 2011, Defendant filed a response, and Plaintiffs filed a reply on May 11, 2011.

## ANALYSIS

Under the FLSA, "Any employer who violations the provisions of . . . section 7 of this Act shall be liable to the employee or employees in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Furthermore, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*. In this case, Plaintiffs were awarded damages and liquidated damages and are entitled to a reasonably attorney's fee and costs of the action. *Id.*

In the instant Motion, Plaintiffs request an award of $83,914.25 for attorney's fees and

2

$1,387.57 for costs. Plaintiffs request a rate of $250 per hour for attorney Lloyd Mullen and $55 per hour for paralegals Joshua Wilson, Rachel Schmitt, and Rebecca L. Smith.

A. **Attorney's Fees**

"When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point." *A. Bauer Mech., Inc. v. Joint Arbitration Bd.*, 562 F.3d 784, 793 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "A reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). There is no dispute in this case about the reasonableness of Attorney Mullen's rate. Rather, the concern is regarding the reasonableness of the number of hours for which Attorney Mullen requests compensation.

"In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Id*. at 708 (quoting *Hensley*, 461 U.S. at 434). Defendant argues that the number of hours expended by counsel for Plaintiffs Lloyd Mullen are unreasonable. Defendant also argues that many of the billing entries are excessive, redundant, unnecessary, or inadequately described.

Defendant argues that Plaintiffs improperly seek recompense for time spent on claims that were not successful, including class action claims, claims of retaliation, and claims against Town officials. Furthermore, Defendant argues that Plaintiff requests payment for time spent correcting

errors or deficiencies in the Complaint. Plaintiff counters that the state law claims would have led to greater damages, and were an "incentive to get the Town to agree that the FLSA applied" and to agree to federal court jurisdiction. However, Plaintiffs do not address the multiple amended complaints or the revisions required to the final pretrial order, all necessary due to deficiencies in the original documents: the first amended complaint addressed Plaintiffs' failure to include consent forms for proposed plaintiffs to the original court filings; the second amended complaint was ordered by the Court to address scrivener's errors by Plaintiffs; the third amended complaint was ordered by the Court to omit the allegations that Plaintiffs were not pursuing, including the class action allegations and the state law claims; and the amended proposed pretrial order was ordered by the Court to reflect the Third Amended Complaint and the allegations that would actually be at issue during trial. Regardless of the strategy behind filing the state law, collective action, and class action claims, Plaintiffs did not pursue those claims or obtain any award for them. The Court will not deduct any of the time spent in drafting the claims in the original Complaint, but agrees that Defendant should not be responsible for time Plaintiffs' counsel spent to correct his own errors or modify the written documents to correspond to the case as he presented it to the Court. Therefore, Plaintiffs may not obtain attorney's fees for 4.9 hours for work related to drafting the Amended Complaint, 3.4 hours for work related to the Second Amended Complaint, 3.6 hours for work related to the Third Amended Complaint, or 1.2 hours to revise the Final Pretrial Order. The Court will deduct $3275.00 from the amount of attorney's fees requested by Plaintiffs to reflect this time.

Further, the Court notes that Plaintiffs are seeking to recover attorney's fees for an unsuccessful Motion for Reconsideration. On June 5, 2009, the Court granted in part Defendants' Motion to Dismiss, dismissing the Town Council Member Defendants and all Plaintiffs who had not

4

filed a notice of consent to join the action [DE 13]. In a single-page motion [DE 14], Plaintiffs sought to have the Court reconsider its dismissal of purported plaintiffs who had not filed consents. In the Opinion and Order denying the Motion for Reconsideration, the Court concluded that "Plaintiffs have failed to provide any explanation as to why the consent forms for the other dismissed Plaintiffs were not filed. Further, Plaintiffs have failed to show a manifest error of law or fact by the Court and have not presented any newly discovered evidence." [DE 15]. Although Defendant does not mention these costs in its brief, the Court finds it inappropriate for Defendant to bear the cost for Plaintiffs' unsuccessful Motion for Reconsideration of the Court's Order. Therefore, Plaintiffs may not obtain attorney's fees for the 1.7 hours spent drafting and filing the Motion for Reconsideration, and the Court deducts $425.00 from the amount awarded to Plaintiffs.

Defendant also argues that there are more than ninety hours identified for the preparation of discovery responses, and claims many of these entries do not identify the specific tasks performed. Plaintiffs argue that Defendant's assertion is a "mere allegation that the time was excessive." Indeed, as Plaintiffs argue, "without any suggestion from [Defendant] as to how long such tasks should take, it is unclear where [Defendant] draws the line of excessiveness." *A. Bauer Mech., Inc.*, 562 F.3d at 793. Furthermore, Defendant doesn't identify which of the entries it deems inadequately described. In Plaintiffs' Reply, counsel for Plaintiffs explains the process for answering the individual interrogatories and compiling the calculations of improperly classified overtime hours for each of the individual Plaintiffs. Without a more specific argument from Defendant, and noting that much of the work was done by paralegals at the lower rate, the Court does not consider approximately nine hours per Plaintiff for discovery to be excessive in this case.

Therefore, in total, the Court will deduct 14.8 hours for the time counsel for Plaintiffs spent

5

correcting errors and pursuing patently unsuccessful matters, for a deduction of $3700.00.

**B.    Costs**

Defendant first argues that Plaintiffs' bill of costs was untimely since it was filed more than fourteen days after entry of judgment. Federal Rule of Civil Procedure 54 provides that a claim for attorney's fees and costs must be made by motion and, "[u]nless a statute or court order provides otherwise, the motion must [] be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d). Likewise, Local Rule 54.1 provides, in relevant part, "Except as otherwise provided by statute, rule or court order, a party shall have fourteen (14) days from the entry of a final judgment to file and serve a request for the taxation of costs and for assessment of attorney fees." N.D. Ind. L.R. 54.1. Judgment was entered on March 21, 2011, but on March 18, 2011, the Court ordered that Plaintiffs' Motion for attorney's fees and costs to be filed on or before April 18, 2011. The instant Motion was filed on April 13, 2011, and was therefore timely.

Defendant also argues that the Court should disallow a number of the claimed costs because they are not sufficiently itemized or explained.

First, Defendant questions $342.00 in transcript costs, arguing that it was not itemized. In the reply, Plaintiffs explain that the transcript in question was the deposition of Plaintiff Rory Hill, which was used at trial in lieu of his live appearance. This cost will be allowed.

Defendant questions witness fees of $261.76 for five witnesses on the grounds that none of the witnesses were identified on Plaintiffs' statement of costs. However, they were identified and the costs were itemized on the bill submitted by Plaintiffs as an attachment to the instant Motion. Defendant argues that the subpoenas of Goralzcyzk and Brown were withdrawn, but does not argue that Plaintiffs did not pay the witness fees to these witnesses. Plaintiffs assert that any witness fees

6

that were returned to Plaintiffs' counsel were not included on the bill of costs. The Court finds that the witness fees reflected on the itemized bill were costs incurred by Plaintiffs in preparation for trial. The Court will not deduct the fees for witnesses who did not testify or whose subpoenas were withdrawn because a tactical decision was made during the course of trial regarding their testimony.

Defendant also argues that the costs of making copies and materials in the amount of $251.85, and a request for "other costs" in the amount of $137.00, were insufficiently described and itemized. However, an itemized breakdown of these costs was included by Plaintiffs as attachments to the instant Motion. Particularly given the voluminous time sheet records in this case, the Court finds that these costs are reasonable and sufficiently identified.

Therefore, the Court will award the full amount of costs requested by Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiffs' Post-Verdict Motion for Attorney's Fees and Costs [DE 61]. The Court **ORDERS** Defendant to pay Plaintiffs $80,214.25 in attorney's fees and $1,387.57 in costs, for a total of $81,601.82.

SO ORDERED this 17th day of June, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record